# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **JESSIE HURLEY,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:04CV00022 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **JO ANNE B. BARNHART** | ) | By: James P. Jones |
| **COMMISSIONER OF** | ) | Chief United States District Judge |
| **SOCIAL SECURITY**, | ) | |
| | ) | |
| Defendant. | ) | |

In this Social Security case, I affirm the final decision of the Commissioner.

## *I. Introduction*

Jessie Hurley filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner") denying the plaintiff's claim for Disability Insurance Benefits ("DIB") under title II of the Social Security Act, 42 U.S.C.A. §§ 401-433 (West 2003 & Supp. 2004) ("Act") and Supplemental Security Income payments ("SSI") under title XVI of the Act, 42 U.S.C.A. §§ 1381-1383(d). This court has jurisdiction pursuant to 42 U.S.C.A. §§ 405(g) and 1383(c)(3).

-1-

The scope of the court's review is limited to a determination as to whether there exists substantial evidence of record to support the Commissioner's final decision. *Id.* Substantial evidence has been defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence, but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). If the Commissioner's decision is supported by substantial evidence, the court's "inquiry must terminate" and the final decision of the Commissioner must be affirmed. *Id.*

Hurley applied for benefits on November 21, 2002, alleging disability since October 20, 2002, and received a hearing before an administrative law judge ("ALJ") on August 28, 2003. By decision dated October 21, 2003, the ALJ found that the plaintiff was not disabled within the meaning of the Act because he did not have a "severe" impairment. The Social Security Administration's Appeals Council denied review, and the ALJ's opinion became the Commissioner's final decision.

The parties have briefed the issues, and the case is ripe for decision.

## II. Facts.

Hurley was forty-three years old at the time of the ALJ's unfavorable decision, placing him within the category of "younger individuals." He has an eighth grade

education and work experience in coal mines, where he performed a variety of jobs. Hurley claims disability due to back and shoulder pain, and depression. He has not engaged in substantial gainful activity since October, 20, 2002, the alleged onset date of disability.

In rendering his decision, the ALJ reviewed medical records relating to Hurley's treatment by Sharat K. Narayanan, M.D.; Buchanan General Hospital; LabCorp; as well as residual functional capacity ("RFC") assessments by state agency physicians.

Based upon the evidence, the ALJ determined that the plaintiff has low back pain, depression and anxiety, and high blood pressure. However, the ALJ found that these impairments were not severe because they did not impose significant work-related limitations.

## III. Analysis.

The plaintiff contends that the ALJ erred by concluding that he had no severe impairment. Specifically, he argues that the ALJ did not analyze any of the medical records, and discounted his testimony about the effects of his injury.

The Commissioner applies a five-step evaluation process in assessing an applicant's disability claim. The Commissioner considers, in sequence, whether the

claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed impairment; (4) could return to his past relevant work; and (5) if not, whether he could perform other work present in the national economy. *See* 20 C.F.R. § 404.1520 (2004). If it is determined at any point in the five-step analysis that the claimant is not disabled, then the inquiry immediately ceases. *See id.* § 404.1520(a) (2004). In the present case, Hurley sought disability benefits for back and shoulder pain, and depression. The ALJ determined that these impairments did not impose a significant restriction upon his ability to hold gainful employment and were "not severe" within the meaning of the Act. The review of Hurley's entitlement to disability benefits for these impairments was therefore terminated at the second level of inquiry.

That decision is entitled to a great deal of deference and will be upset only if it is not supported by substantial evidence. *See Laws*, 368 F.2d at 642. It is the Commissioner's duty to receive evidence and establish the facts, not the court's. My role in these proceedings is simply to assess the reasonableness of the Commissioner's conclusions and determine whether they are supported by substantial evidence. Accordingly, I will not re-weigh contested evidence, make credibility determinations, or substitute my judgment for that of the Commissioner. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Should I find that the

Commissioner's final judgment is supported by substantial evidence, I will affirm that decision, even if the record could support an equally reasonable, though alternate, conclusion.

The focus of this inquiry necessarily centers on whether substantial evidence has been presented to the ALJ such that he could reasonably have determined Hurley did not suffer from a severe impairment. According to the regulations, an impairment or combination of impairments is not severe if it does not significantly limit a claimant's physical or mental ability to do basic work activities. *See* 20 C.F.R. § 404.1521(a) (2004). The regulations define "basic work activities" as the abilities and aptitudes necessary to do most jobs including physical functions such as walking, standing, sitting, and lifting; and mental functions including understanding instructions, using judgment, responding appropriately to work situations, and dealing with changes in a work setting. *See* 20 C.F.R. § 404.1521(b) (2004).

Although it is a claimant's burden to provide evidence that he suffers from a severe impairment, *see Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972); 20 C.F.R. §§ 404.1512, .1514, 416.912, .914 (2004), in order to satisfy that burden of proof at step two of the evaluation process the evidence need only be "de minimis." *See Hawkins v. Chater*, 113 F.3d 1162, 1169 (10th Cir. 1997). Hurley has not met this burden. Although he has presented some evidence of impairments, the question

on this benefits appeal is not whether such impairments exist, but whether the plaintiff's condition sufficiently restricts his ability to work. Because the regulations do not conclusively establish the point at which an individual's impairments become severe, such a factual determination is relegated to the Commissioner or her agents. Here, although Hurley has stated that he dislocated his shoulder in 1998 and it hurts if he tries to weed eat, the ALJ properly found that the evidence does not demonstrate that Hurley suffers from a severe impairment based on his shoulder. Indeed, the ALJ noted that Hurley did not even mention his shoulder in the pain questionnaires he completed in January and May 2003. (R. at 16.) Similarly, although Hurley claimed that he was taking Xanax, the ALJ pointed out that "there are no complaints to the treating physicians regarding nerves, depression or panic attacks." (R. at 17.) The ALJ noted that Dr. Narayanan found that the plaintiff had elevated blood pressure on a few occasions, but there were no reports of headaches, dizziness, or other affects. (*Id*.) Hurley's only remaining complaint is back pain.

The scant objective evidence regarding Hurley's back problem includes an X ray taken in October 2002, which revealed mild spurring in the vertebrae, but was otherwise unremarkable. (R. at 123.) Hurley had another X ray taken in December 2002 that revealed no abnormalities. (R. at 125.) Although the ALJ considered Hurley's subjective complaints of low back pain, he found that such complaints were

not supported by the objective evidence of record. (R. at 16-17.) In reaching this conclusion, the ALJ noted that Hurley had never been prescribed pain medication for his back, but rather took over-the-counter aspirin. (*Id*.) Moreover, a state agency physician completed a RFC assessment form on March 13, 2003, and, after reviewing the medical evidence, stated that Hurley had no severe physical impairment. (R. at 140.) Based on the record, it was reasonable for the ALJ to find that the plaintiff's impairments are not severe because they do not sufficiently restrict his ability to work.

Therefore, I find that the Commissioner's decision is supported by substantial evidence and is framed in accordance with the law.

## *IV. Conclusion*

For the foregoing reasons, I affirm the final decision of the Commissioner of Social Security.

An appropriate final judgment will be entered.

DATED: April 21, 2005

/s/ JAMES P. JONES
Chief United States District Judge

-7-

Case 1:04-cv-00022-JPJ-PMS   Document 20   Filed 04/21/05   Page 7 of 7   Pageid#: 42